IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                                                            Case No. 21-10061-JWB

ROBERT YBARRA,

        Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on the government's appeal of the magistrate's order of release and motion for detention. (Doc. 9). The court held an evidentiary hearing on August 26, 2021. The government's motion is GRANTED and Magistrate Judge Birzer's order granting release on bond is REVOKED for the reasons stated herein.

**I.**     **Factual and Procedural History**

On August 10, 2021, the grand jury returned an indictment charging Defendant with two counts of distribution of child pornography in violation of 18 U.S.C. § 2252A(a)(2) and one count of possession of child pornography in violation of 18 U.S.C. 2252A(a)(5)(B) and (b)(2). (Doc. 1.) On August 18, a detention hearing was held and Magistrate Judge Birzer denied the government's motion for detention. (Doc. 8.) Magistrate Judge Birzer stayed the Order of Release until 12:00 p.m. on August 19. The government appealed the magistrate judge's order on August 18. This court held an evidentiary hearing on August 26. Both the government and Defendant made certain proffers during the hearing.

The government provided the following recitation of the facts. In November 2020, an undercover agent posted a message on an online bulletin board called Chatzy. In that post, the agent stated that he was a parent of a 9 year-old child. The agent then posted his Kik account

1

information. Defendant contacted the agent on the Kik account. They exchanged text messages on Kik. These text messages were submitted in an affidavit for a search warrant and presented to the court during the hearing. *See* Case 21-mj-6075-KGG, D. Kan. (Doc. 1). In those text messages, Defendant allegedly informed the agent that he was into family taboo and incest. They discussed the trading of original content child pornography pictures and videos and Defendant told the agent that he wanted a picture or a video of the agent's 9 year-old daughter. Defendant was to send child pornography to the agent prior to receiving the original content of the agent's alleged 9 year-old daughter. Defendant initially told the agent that he had deleted his material but he then sent material to the agent that showed sexual abuse of a toddler.

Upon sending the image, the agent was able to capture Defendant's internet protocol (IP) address. The IP address was registered to Defendant's home in Kansas. A search warrant was issued in early May 2021 and law enforcement seized Defendant's phone during the execution of that warrant. A search of the phone revealed the same Kik account that Defendant used to communicate with the agent and images of child pornography. Defendant also admitted to law enforcement that he had previously looked at child pornography and that the Kik account was his account.

On August 13, Defendant was arrested and interviewed by the Federal Bureau of Investigation. During the interview, Defendant told law enforcement that he used a tablet at home to look at adult pornography after his devices had been seized during the execution of the search warrant. However, he later denied to United States Probation that he had a computer in the home.

The Government asks the court to revoke Magistrate Judge Birzer's order of release and detain Defendant on the basis that he is a danger to the safety of others in the community.

**II.     Legal Standard**

Pursuant to 18 U.S.C. § 3145(a)(1), the Government may seek review of a magistrate judge's order of release. The district court's review of a magistrate judge's order of release is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing, however, is not required. The district court may either "start from scratch and take relevant evidence or incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Collier*, No. 12-20021-09, 2012 WL 4463435, at *1 (D. Kan. Sept. 27, 2012) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

(1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including-

(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

The Bail Reform Act also provides a rebuttable presumption of risk of flight or danger to the community when a defendant is charged with an offense involving a minor victim under § 2252A(a)(2) as in this case. *See* 18 U.S.C. § 3142(e)(3). "A grand jury indictment provides the probable cause required by the statute to trigger the presumption." *United States v. Walters*, 89 F. Supp. 2d 1217, 1220 (D. Kan. 2000) (citing *United States v. Quartermaine*, 913 F.2d 910, 916 (11th Cir. 1990)). The grand jury indictment in this case charges Defendant with offenses involving a minor victim, including distribution of child pornography, and thus raises the rebuttable presumptions of risk of flight and danger to the community. *Id.*

The burden of production on Defendant to overcome the presumption is not a heavy one, but Defendant must produce some evidence. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if Defendant overcomes the presumption, the presumption remains a factor in the court's detention decision. *Id.* The burden of proof remains with the government to show that no condition or combination of conditions would reasonably assure the accused's presence in later proceedings and/or the safety of other persons and the community. *United States v. Lutz*, 207 F. Supp. 2d 1247, 1251 (D. Kan. 2002) (burden of persuasion regarding risk of flight and danger to community always remains with government). The government must prove dangerousness to any other person or the community by clear and convincing evidence. *Id.* at 1252.

### III.     Analysis

**A. Nature And Circumstances Of The Offense**

The charged child pornography counts involve minor victims, thereby triggering the rebuttable presumption for detention. Moreover, these charges are included in the statutory definition of a crime of violence. 18 U.S.C. § 3156(a)(4)(C). The nature of child pornography offenses is particularly egregious because the victims are children who cannot possibly consent to the conduct, which includes acts of child rape.

Beyond the general nature of the charged offenses, the facts and circumstances of Defendant's conduct in this case sets it apart from the average child pornography case. Most of the cases that come before this court involve the possession and distribution of existing images and videos of child pornography that are traded among consumers of this type of material, often in some sort of internet file sharing arrangement. By contrast, the underlying conduct in this case involved this Defendant directly negotiating with a putative parent to share images of the parent raping or sexually abusing his own child. If those images did not already exist, it risked inducing the putative parent to carry out those acts of violence against the child to generate the images Defendant was seeking. Based on the foregoing, this factor weighs heavily in favor of detention.

**B. Weight Of The Evidence**

In addition to the proffer offered at the hearing, the government submitted a factual recitation of the evidence in its motion. As discussed above, Defendant is alleged to have used an online account to distribute child pornography. The chat messages also show that Defendant was encouraging the undercover agent to send him videos and pictures of sexual abuse of the agent's alleged child. In order to receive these original content videos and pictures, Defendant sent the undercover agent a photo displaying the sexual abuse of a toddler. The IP address from the child

pornography image revealed that it was sent from Defendant's address. The search of Defendant's phone also confirmed that he operated the online Kik account. The search further revealed that Defendant sent child pornography on the day of the search utilizing a Snapchat account. There were also other Kik chats regarding the trading of photos and videos, including references to online storage. There was also child pornography contained on the phone.

The court finds that the proffer offered at the hearing and the factual basis contained in the government's motion are sufficient to show that there is substantial evidence of Defendant's distribution and possession of child pornography. This factor therefore favors detention.

### C. History And Characteristics Of Defendant

Defendant has family support and stable employment. Defendant has been employed by Wal-Mart for eight years. Although Defendant lives on his own in an apartment, Defendant is willing to reside with his mother. Defendant has no criminal history and has lived in Wichita, Kansas, since he was a young child. The court concludes that this factor, particularly Defendant's stability in the community and lack of criminal history, weighs in favor of release.

### D. Danger To The Community

Based upon the evidence proffered at the hearing and the record before the court, the court finds that Defendant has met his burden to rebut the presumption that he is a flight risk. Before releasing Defendant on any set of conditions, the court must also be satisfied that Defendant will not pose a danger to any other person or to the community. *See* 18 U.S.C. § 3142(b). "The concern about safety is to be given a broader construction than the mere danger of physical violence…." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). Although this authority addressed drug trafficking, Congress determined that "the existence of and traffic in child pornographic images creates the

potential for many types of harm in the community and presents a clear and present danger to all children." *United States v. Davin*, No. 12-10141-EFM, 2012 WL 2359419, at *3 (D. Kan. June 20, 2012) (quoting Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251)).

Defendant has been charged with distribution and possession of child pornography. In addition to downloading these images, Defendant allegedly engaged in the act of sharing these images in an online forum and attempted to obtain videos and images of the rape or molestation of the undercover agent's alleged child. Defendant's conduct feeds the market for child pornography, which is based on the exploitation of children, including the rape of children. Defendant's conduct also gives the court great concern that he could make further attempts to obtain original content and encourage the rape or molestation of a child, as the evidence indicates that he did in this case. Congress has determined that "where children are used in its production, child pornography permanently records the victim's abuse, and its continued existence causes the child victims of sexual abuse continuing harm by haunting those children in future years." Pub. L. No. 104–208, § 121, 110 Stat. 3009 (codified at 18 U.S.C. § 2251). The Tenth Circuit, citing the Supreme Court, discussed the "long-term serious physiological, emotional, and mental difficulties of children who have been sexually exploited" as a result of being a victim in child pornography. *United States v. Julian*, 242 F.3d 1245, 1247 (10th Cir. 2001) (citing *New York v. Ferber*, 458 U.S. 747, 758-60 (1982)). This supports a finding of danger to the community. *Davin*, 2012 WL 2359419, at *3.

Defendant argues that the United States Probation Office recommended release and that there are conditions of release that would ensure the safety of the community. With respect to the recommendation of the probation office, the probation officer did not take into consideration all of the factors that this court must consider under § 3142(g). The probation officer stated during

the hearing that the probation officer is to consider the charged conduct in the indictment when making its recommendation but does not consider the factual circumstances surrounding the charged conduct. As described above, that conduct here is particularly egregious, and is not accounted for by merely considering the nature of the underlying charges. Moreover, although Defendant contends that there are conditions that would ensure the safety of the community, such as a restriction on internet access and living with his mother who would prohibit access to a computer, the court finds that these proposed restrictions are not sufficient.

These crimes are heinous as they are committed against vulnerable children. They are also committed by using the internet, which is easily accessible. Access to the internet is gained not only from a home computer, but also from public computers and hand-held devices which are readily available and easily concealed. *See United States v. Renander*, 431 F. Supp. 3d 1240, 1246 (D. Colo. 2020) ("Moreover, cellular devices are usually small and easily concealed. Living with his parents and being subject to random searches by Pretrial Services is therefore not a combination of conditions that can reasonably ensure the community's safety.") Moreover, based on information relayed at the hearing, Defendant failed to notify the probation office of a tablet in his home that he was using to access adult pornography. For the reasons discussed herein, it is unlikely that Defendant's use of the internet could be adequately supervised and the danger to vulnerable children is too great.

The court finds that the government has established by clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence.)

**IV.     Conclusion**

Based upon the court's de novo hearing and evaluation of this matter, the court concludes that there are no set of conditions of release which will protect the community from the danger of committing these crimes which endanger children in the community.  The government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if Defendant were released pending trial.

The Government's motion is accordingly GRANTED.  (Doc. 9.)  Magistrate Judge Birzer's order is hereby REVOKED.  (Doc. 8.)  Defendant Robert Ybarra is hereby committed to the custody of the Attorney General, pending trial, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel and, upon an order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is held shall deliver Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

IT IS SO ORDERED this 27th day of August 2021.

    ___s/ John W. Broomes_____
    JOHN W. BROOMES
    UNITED STATES DISTRICT JUDGE